POINDEXTER v. STATE.

(*Nashville*, December Term, 1945.)

Opinion filed January 7, 1946.

W. D. HOWSER and JAMES O. NOLAND, both of Clarksville, for Poindexter.

194

ERNEST F. SMITH, Asst. Atty. Gen., for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff in error, a nineteen year old negro boy, appeals from a conviction of murder in the first degree and a sentence of death. He appears to have shot and killed a negro girl, somewhat younger than himself. Several errors are assigned, but we deem it necessary only to consider the complaint that the accused did not have the benefit of the advice and assistance of counsel as secured to him by law.

By Article VI of the Amendments to the Federal Constitution and by Section 9 of Article I of our State Constitution, an accused is guaranteed the assistance of counsel in the preparation and presentation of his defense. *Woods* v. *State,* 99 Tenn. 182, 185, 41 S. W. 811; *State* v. *Poe,* 76 Tenn. 647, 653, 654. It here appears, as in the Poe case above cited, that counsel was assigned by the court to represent the defendant, but not until he was brought out and arranged for trial, which was at once proceeded with, and that they had no opportunity to consult with the defendant, or make preparations for his proper defense. The recital in the bill of exceptions shows no interval between arraignment and trial. Counsel state, however, that, in response to their request for time, they were allowed ten minutes and no more.

The following quotation from *State* v. *Poe, supra,* 76 Tenn. page 654, has direct application in the instant case:

"A party is entitled, by our bill of rights, when accused, to be heard by counsel. This means more than a simple argument before a jury. It guarantees, that in the preparation of his defense, he is entitled to the ad-

vice and assistance of counsel that his defense may be properly shaped, so that his innocence may be made to appear, if the facts shall so warrant. It would be a cruel mockery to follow the letter, and give counsel for mere argument, when, for want of that counsel's assistance, there may be no case to argue, and the argument be a useless ceremonial. In this case, counsel assigned could have done no more than argue from the case made by the State. He had no opportunity or time to prepare a defensive case for the prisoner.''

▪ The assistant attorney general has recommended to the court a reversal, in view of his conclusion upon an examination of the record, that the defendant has not had a fair trial, because of the matter above noted and, perhaps, other unsatisfactory details in the proceedings. We concur in this recommendation.

▪ It may be that the defendant is guilty and deserving of the death sentence as adjudged. We do not pass on the facts, but the fundamental constitutional right of the accused to representation by counsel must not be denied or unreasonably restricted. Whether or not an offender is punished in a given case is of importance to both society and the culprit, but it is of transcendent importance that basic principles of justice and the constitutional right to a fair trial shall be observed, including the timely right to representation by counsel, without unreasonable interference or limitation.

The judgment is reversed and the case remanded for a new trial.