SAMUEL JENNINGS JOHNSON, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

372 S.W. 2d 192

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

HENRY V. GRADY, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

Mr. Justice Holmes delivered the opinion of the Court.

The parties will be referred to according to their status in the Trial Court. The defendant was convicted of an attempt to commit a felony and sentenced to serve not less than one year nor more than three years confinement in the State Penitentiary, from which conviction he has appealed to this Court.

The record shows the indictment was returned on October 16, 1961. The case was set for trial for October 20, 1961. The bill of exceptions reflects that, by agreement between the attorney for the defendant and the Attorney General, the cause was reset for October 26, 1961. At that time, counsel for the defendant moved for a continuance upon the ground that he had been engaged in the trial of a case in Chattanooga which had lasted longer than expected and had been unable to prepare his defense and have witnesses subpoenaed for the trial of this case. This motion for continuance was supported by the affidavit of counsel. The Trial Judge refused to grant the continuance. Thereupon, defendant's attorney asked

leave of the Court to be permitted to withdraw from the case. The Trial Judge permitted counsel to withdraw and appointed other counsel to represent the defendant in this cause. This took place some time during the morning of October 26, 1961.

The Court, at that time, postponed the trial of the case until 1:00 o'clock P.M., that day. Before the trial commenced, newly appointed counsel moved for a continuance of the case by oral motion made at the bar of the Court, which motion the Court allowed counsel to reduce to writing later. In this motion, the newly appointed counsel stated that no opportunity was afforded counsel to prepare for trial, that the defendant's witnesses had not been subpoenaed and that at least one of these witnesses would testify to facts material to the defense of the case. This motion was denied and the defendant was put to trial upon his plea of not guilty. The trial was concluded and the defendant was sentenced on that same day.

One of the assignments of error in this Court is that the Court erred in requiring him to proceed to trial with new counsel who had no opportunity to prepare his defense in violation of his constitutional rights.

Both by constitutional provision (Article 1, Section 9, Constitution of Tennessee) and by statute (T.C.A. secs. 40-2001, 40-2002, and 40-2003), every person accused of a crime is entitled to counsel in all matters necessary for his defense, "as well to facts as to law".

In *State v. Poe*, 76 Tenn. 647, at page 654 of the opinion, the Court, in discussing the meaning of Section 9 of Article 1 of our Constitution, stated:

"A party is entitled, by our bill of rights, when accused, to be heard by counsel. This means more than a simple argument before a jury. It guaranties, that in the preparation of his defense, he is entitled to the advice and assistance of counsel that his defense may be properly shaped, so that his innocence may be made to appear, if the facts so warrant. It would be a cruel mockery to follow the letter, and give counsel for mere argument, when, for want of that counsel's assistance, there may be no case to argue, and the argument but a useless ceremonial."

In *Poindexter v. State,* 183 Tenn. 193, 191 S.W.2d 445, in reversing the conviction had in a case where the Court appointed counsel for the defendant and allowed only ten minutes for preparation, the Court stated:

"Whether or not an offender is punished in a given case is of importance to both society and the culprit, but it is of transcendent importance that basic principles of justice and the constitutional right to a fair trial shall be observed, including the timely right to representation by counsel, without unreasonable interference or limitation." 183 Tenn. at 195, 191 S.W.2d at 446.

■ The general rule is that a reasonable time for the preparation of a defendant's case must be allowed between the time of assignment of counsel by the Court and the time of the trial. 14 Am.Jur., Criminal Law, Sec. 172, page 886, 23 C.J.S. Criminal Law sec. 982, page 966. Cases from many jurisdictions passing upon what is a reasonable time under the circumstances of the case to prepare for trial are found in an annotation in 84 A.L.R. 544.

In *State v. Lane,* 258 N.C. 349, 128 S.E.2d 389, the defendant was charged with a crime against nature. The case was called for trial at 9:30 o'clock A.M., on March 27, 1962. At that time an attorney was appointed to represent the defendant. Counsel immediately requested a continuance, which was denied. The trial began at 2:30 o'clock P.M., of that same day. In reversing the conviction, the North Carolina Court stated:

"Ordinarily, whether a case shall be continued rests in the sound discretion of the trial judge. 'But when the motion is based on a right guaranteed by the Federal and State constitutions, (citing constitutions) the question presented is one of law and not of discretion, and the decision of the court below is reviewable.' "

In *Raisor v. Commonwealth* (Ky.), 278 S.W.2d 635, the defendant was convicted of grand larceny. On the day of trial a continuance was requested by an attorney who had conferred with the defendant but who had not actually been employed. The Court appointed an attorney for the defendant at 9:00 o'clock A.M., and set the case for hearing at 1:00 P.M., that day. In reversing the conviction, the Kentucky Court, at page 636 of 278 S.W.2d, stated:

"As it is, we find the appellant confronted with a trial for grand larceny no more than four hours after a busy lawyer had been appointed by the court to defend him. We do not believe this was sufficient time for counsel to interview his client and familiarize himself with the law and facts of this case. (citing cases) 'The constitutional right of one charged with the commission of a crime to be represented by counsel necessarily includes time for adequate preparation. The right to

be represented by counsel would amount to nothing if counsel for the accused is not allowed reasonable time to prepare his defense.' "

In the case at bar, the defendant had employed counsel to defend him and, according to the affidavit of counsel, he had been paid a fee. The Court granted this attorney's request to be allowed to withdraw from the case because other court commitments had prevented him from preparing for trial. The Court then appointed counsel to defend the case and ordered the case tried at 1:00 P.M., that same day. Counsel appointed by the Court, in moving for a continuance, stated that at least one witness, on whom a subpoena had not been served, would testify to facts material to the defendant's defense. The defendant himself does not appear to have contributed in any way to the situation which confronted him upon the day of trial.

■■ Each case must stand on its own facts in the determination of what is a reasonable time to prepare a defense. Under the facts disclosed in the record in this case, we are convinced that counsel appointed by the Court was not afforded reasonable time to confer with the defendant and prepare the defense. It is not a question of the guilt or innocence of the defendant, but a question of protecting the constitutional right of the defendant to representation by counsel without unreasonable restriction.

For the reasons stated, the judgment is reversed and the case is remanded for a new trial.