Thomas **TOWNSEND** and Roosevelt Terry, Plaintiffs-Appellants,

v.

Lynn **BOMAR**, Warden, Defendant-Appellee.

No. 15179.

United States Court of Appeals Sixth Circuit.

April 27, 1964.

Kenneth L. Roberts (Court Appointed), Nashville, Tenn., on brief, for appellants.

Henry C. Foutch, Asst. Atty. Gen. of Tennessee, Nashville, Tenn., on brief, for appellee; George F. McCanless, Atty. Gen. and Reporter of Tennessee, of counsel.

Before CECIL and MILLER, Circuit Judges, and FOX, District Judge.

## PER CURIAM.

Defendants, inmates of the State penitentiary at Fort Pillow State Farm, were convicted by a jury in a state court for open rebellion with intent to kill and escape, and were sentenced to life imprisonment by the jury's conviction.

Counsel for the defendants were appointed on the day of the trial in a state, which by statute, gives two days minimum for preparation of defense.[1]

The alleged offense occurred on the first of July, 1958. Following indictment on October 7, 1958, the circuit court of Lauderdale County on October 9, 1958 arraigned the defendants, appointed separate counsel for each defendant, and proceeded to trial.

The trial concluded on the 10th of October. The jury found the defendants guilty and fixed their punishment at life in the State penitentiary. No motion for a new trial was filed, and no appeal was taken from the conviction.

On July 28, 1959 the defendants filed a petition for a writ of habeas corpus in the criminal court of Davidson County at Nashville, seeking release from the State penitentiary. This petition was denied. Defendants appealed this denial to the Supreme Court of the State of Tennessee. Upon motion, this appeal was dismissed July 24, 1961.

Following this dismissal, defendants, on May 3, 1962, petitioned the United States District Court for the Middle District of Tennessee, Nashville Division, for a writ of habeas corpus. This petition was denied by the Federal District Court on June 25, 1962, and the present appeal followed.

Both the District Court Judge's oral opinion from the bench and his formal order appear to deal with three things: (1) the defendants failed to exhaust available state remedies, (2) they were represented at the time of their trial by able and competent counsel and all of their constitutional rights were fully protected, and (3) Fort Pillow State Farm is a branch of the penitentiary and comes within the provisions of Section 41–708, Tennessee Code Annotated.

In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, the United States Supreme Court decided that a defendant's failure to appeal from the state court conviction is not a failure to "exhaust" the remedies available in the state courts as required by 28 U.S.C. § 2254. Mr. Justice Brennan spoke for the Supreme Court in holding the above provision of the Code referred to only a failure to exhaust state remedies still open to the applicant at the time he files his application for habeas corpus in the federal courts.

Thus, the principal ground upon which the District Court predicated its opinion is overruled by Fay v. Noia, supra. In

---

1. Section 40–2005, Tennessee Code Annotated:

"Time before trial—Noncapital cases.—Every person accused of any crime or misdemeanor whatsoever shall be entitled to two (2) full days (Sundays and holidays excluded) after arrest and the return of the indictment or presentment before being tried for such offense."

addition, the nature of the present proceeding makes the third ground of the District Court's opinion inapplicable.

The second ground is the only issue presented by this appeal for our consideration. Both the District Court's oral opinion and the formal order are too general in nature to sustain a judgment on the issue raised by the second ground. On the particular point involved, namely, whether they were afforded adequate opportunity to prepare for the defense, we have no factual findings at all, merely conclusions.

In its oral opinion from the bench, the District Court said that the defendants were represented by competent counsel who gave them legal advice and that there was no failure to accord them a fair trial. In the formal order it is merely stated that the petitioners were represented by able and competent counsel and that the petitioners failed to show that any of their rights under the Constitution were violated.

■ We cannot properly review this case until we have the facts upon which the court came to the conclusion that the petitioners' constitutional rights were not violated, particularly the facts dealing with the contention that a continuance was requested and denied.

■ The petitioners contend that they asked for a continuance. In ruling against this factual contention, the District Judge relied upon the letters written to the State Prosecuting Attorney by the State Trial Judge and by the two attorneys representing the defendants in the state trial. These letters were attached to the respondent's answer in the present habeas corpus proceeding and apparently were relied upon by the District Judge. We do not believe these letters were in evidence, and that it was error for the trial judge to consider them.

The record on appeal does not sufficiently establish that these letters were in fact in evidence. If they were not properly admitted, then there is no evidence to contradict petitioners' contention that they asked for and were denied a continuance. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; McBee v. Bomar, 296 F.2d 235 (CCA 6); Poindexter v. State, 183 Tenn. 193, 191 S.W.2d 445; Johnson v. State, Tenn., 372 S.W.2d 192.

We therefore vacate the judgment of the District Court and remand this case to the District Court for the purpose of holding a hearing and to make factual findings as to whether the petitioners were denied an opportunity to reasonably prepare their case.