Wesley **CARR**, Jr., Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 17488.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1967.

Thomas H. Peebles, III, Nashville, Tenn. (Court Appointed), Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., for appellant.

Ed R. Davies, Special Counsel State of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, Nashville, Tenn., of counsel, for appellee.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from the order of the District Court denying appellant's second petition for federal habeas corpus.

Appellant was arrested in Memphis, Tennessee, in 1962, on a charge of car theft. Subsequent investigation by the authorities, while appellant was still in custody, led to three charges of armed robbery and two charges of rape. Appellant confessed to all these crimes, and at his trial while represented by court-appointed counsel entered pleas of guilty to all charges. On recommendation of the District Attorney General he was sentenced to sixty years on each of the armed robbery and rape charges, all to run concurrently, and three years on the automobile larceny charge, to run consecutively with the other sentences.

State remedies have been exhausted, appellant having filed two petitions for writs of habeas corpus in the State courts. The denial of his second State petition was affirmed by the Supreme Court of Tennessee in State ex rel. Carr v. Johnson, an unpublished opinion under date of October 6, 1967.

Appellant contends that: (1) he was beaten severely by police on the night of his arrest and the threat of further beatings was the sole reason for his confession; (2) he was denied the assistance of counsel during the period of his interrogation and preliminary hearing and until a short time before his trial; and (3) his pleas of guilty resulted solely from his coerced confessions.

After a thorough evidentiary hearing, at which appellant was represented by Jack W. Robinson, a reputable member of the Nashville bar, District Judge Frank Gray, Jr., held that appellant was not beaten the night of his arrest; that he was arrested when policemen in a squad car saw him driving an automobile at night without lights; that the reason for his initial arrest was that he did not turn on his lights when police signaled him to do so, but speeded up and started driving recklessly, resulting in a chase by the squad car; that he lost control of his car and ran into a tree at an intersection; and that he jumped out of the car and was caught by the officers and arrested. The officer who made the arrest denied that appellant was beaten. The District Court held that at the time of the arrest there would have been no reason for a beating; that the officers at that time knew only of a traffic violation; that it was not until later that it was learned that the car had been stolen; that appellant made no such charge of beatings in his first petition for habeas corpus; and that the claim of beatings was "inherently lacking in credibility."

The District Court further found that the pleas of guilty were entered by appellant voluntarily, after due consultation with his appointed counsel and after his counsel had negotiated with the District Attorney General and obtained an agreement that the sentences imposed would be recommended if pleas of guilty were entered. The District Judge held that, "considering the fact that five of the offenses charged were capital crimes, it would appear that the sentences agreed on and imposed, although severe, might have seemed to defendant, at that time, a very desirable conclusion to the cases."

■ We hold that the findings of fact by the District Judge are not "clearly erroneous" but to the contrary are supported by substantial evidence. Rule 52(a), Fed.R.Civ.P.

■ Failure to appoint counsel at the interrogation stage of the investigation is no basis for the granting of the writ, the arrest and conviction having taken place prior to the decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.

Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ Failure to appoint counsel prior to the preliminary hearing likewise is no ground for granting the writ. In Tennessee the preliminary hearing is not a critical stage of the proceedings as was the case in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Waddy v. Heer, Warden, 383 F.2d 789 (C.A. 6) (No. 16,919, October 10, 1967); Kimbro v. Heer, 364 F.2d 116 (C.A. 6), reversed on other grounds, 386 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778; State ex rel. Reed v. Heer, Tenn., 403 S.W.2d 310, 314.

Finally appellant contends that he was entitled to the right to counsel both during interrogation and at the preliminary hearing under the provisions of Tennessee statutes, T.C.A. §§ 40–2002, 40–2003.[1]

■■ T.C.A. § 40–2002 has been construed by the Supreme Court of Tennessee to require that counsel for an indigent defendant be appointed early enough to give him a reasonable amount of time to confer with his client prior to trial and prepare a defense. Johnson v. State, 213 Tenn. 55, 372 S.W.2d 192. Appellant construes these two sections of the Tennessee Code to require the appointment of counsel both during the in-custody interrogation and at the preliminary hearing. Both of these code sections appeared in their present form in Tennessee's first official Code of 1858. The former section had its origin in a North Carolina statute enacted in 1794. In the absence of a holding by the State courts, we cannot believe that it was the purpose of these two code sections to adopt the rule of *Escobedo* and *Miranda* in State criminal proceedings throughout the entire history of Tennessee, under the provisions of a North Carolina statute enacted two years before Tennessee was admitted to the Union.

. The Court expresses appreciation to Mr. Thomas H. Peebles, III, of the Nashville bar, who presented an excellent brief and oral argument as court-appointed counsel for appellant.

Affirmed.

1. 40–2002. Counsel.—Every person accused of any crime or misdemeanor whatsoever, is entitled to counsel in all matters necessary for his defense, as well to facts as to law. (Code 1858, § 5205 (deriv. Acts 1794, ch. 1, § 71); Shan. § 7169; Code 1932, § 11733.)

40–2003. Appointment of counsel by court.—If unable to employ counsel, he is entitled to have counsel appointed by the court. (Code 1858, § 5206; Shan. § 7170; Code 1932, § 11734.)