**Billy Carmack BROWN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

May 20, 1977.

## OPINION

WALKER, Presiding Judge.

Convicted of first degree murder and sentenced to death by electrocution, the appellant, Billy Carmack Brown, appeals in error.

The state's evidence, including that of his accomplice, Jackie Baker, showed that Brown and Baker had been drinking heavily on August 23, 1975; in a Lebanon restaurant they were loud and abusive of a waitress. They annoyed the deceased, Royal Tidwell, by hiding his hat, but Tidwell agreed to take them home in his car.

After leaving the restaurant with Tidwell driving, Brown put his arm around Tidwell's neck several times in a rowdy manner, almost wrecking the car. When they stopped, he pulled Tidwell into the back seat and they began to fight. Either Brown or Baker cursed Tidwell and told him to get out. Tidwell got out of his car and ran up the street. By Baker's testimony, Brown pursued Tidwell in the car, ran him down in a ditch and killed him.

After running over Tidwell, Brown and Baker fled. Baker was arrested for drunkenness that night; Brown was not found until the next day.

The evidence, both by the state and the defendant, is that a few hours before this incident Chief Deputy Sheriff Al Cook arrested Brown and Baker at the fairgrounds for public drunkenness. He was thoroughly familiar with Brown when he was drunk. By his testimony Brown was highly intoxicated. He turned them over to a new officer to be taken to the city jail. For some reason, this officer released them at a cab stand. There they bought another half-pint of whiskey, according to Baker, and continued their drinking.

Brown did not testify.

In challenging his conviction, Brown urges that the trial judge erred in his instructions on intoxication as a defense to first degree murder. He charged:

"I charge you, Ladies and Gentlemen of the Jury, that if a person voluntarily consumes alcohol to such an extent that

Dicken E. Kidwell, Murfreesboro, for appellant.

Brooks McLemore, Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, R. David Allen, Asst. Dist. Atty. Gen., William D. Baird, Sp. Prosecutor, Lebanon, for appellee.

he becomes intoxicated, and as a result of said intoxication, commits a crime, that said voluntary intoxication is no excuse for the crime alleged to have been committed."

This instruction is erroneous because it omitted the rule that intoxication can negate a finding of premeditation which is essential to a conviction for first degree murder. *State v. Bullington,* Tenn., 532 S.W.2d 556 (1976). The failure to apply intoxication to the issue of premeditation and the mental state of the appellant could easily mislead the jury. This is fundamental error.

The positive descriptions of Brown as being intoxicated established the necessity for an instruction on intoxication applicable to first degree murder without a special request. Brown was clearly prejudiced here which requires reversal.

Brown contends the court erred by denying his motion for a continuance. Counsel was appointed on December 9, 1975, and the state moved for trial that term. By his affidavit counsel objected to the setting, pointing out to the court that he already had set for the December term two serious felony cases, for felonious assault, bank robbery and kidnapping, as well as a number of trials in general sessions court. Over his objection the case was set for December 18. On one of those cases previously set, counsel worked until midnight December 15 in its preparation, tried it December 16 with the jury receiving it at about 11:30 a.m., December 17. At that time, the court announced that jury selection in the Brown case would begin at 12:30 p.m. that day. Counsel again moved and was denied a continuance.

According to the affidavit, the jury selection was completed at 5:15 p.m., December 17, and the proof began at 9:00 a.m., December 18. Counsel had no opportunity to interview any witness other than the appellant or to visit the site of the incident or to make any investigation of the facts. Although he had represented the appellant by appointment at the preliminary hearing, he had felt he had no authority or duty to conduct an investigation without further appointment.

In overruling the new trial motion, the trial judge commended counsel for his work and said he did not think counsel could have done better with much more time. It is true that counsel conducted a spirited and skillful defense, under the circumstances, in opposition to the well-prepared case presented by the district attorney general aided by the special prosecutor.

TCA 40–2017 provides:

" . . . Upon the appointment of an attorney hereunder, no further proceeding shall be had until the attorney so appointed has had sufficient opportunity to prepare the case."

"Sufficient" opportunity means a reasonable time under the facts and circumstances of the case. Each case must stand on its own facts in the determination of what is a reasonable time to prepare a defense. Some cases require less pretrial investigation and preparation than others. For the trial of a capital charge as here, additional time for preparation should have been granted to appointed counsel who had been engaged in the trial of other cases and had actually been in the trial of another case an hour before jury selection. See *Johnson v. State,* 213 Tenn. 55, 372 S.W.2d 192 (1963). Perhaps more time would have availed the appellant nothing but his counsel was entitled to sufficient time to formulate, prepare and present his case. The court erred in denying a resetting. This assignment is sustained.

After the conviction appointed counsel was relieved and another attorney was retained who represented Brown at the new trial motion and represents him on this appeal.

In view of our reversal, the Governor's commutation of the death penalty to life imprisonment becomes moot.

We have examined the other assignments and find them to be without error. On

retrial, if the evidence is substantially the same, the court should not permit into evidence the character of the accused and the deceased.

The photographs were properly admitted. These pictures, showing Tidwell's body, established that death was the result of great force. Since the manner of killing is important in establishing premeditation, the photographs had probative value and were properly admitted. *Parks v. State,* Tenn.Cr.App., 543 S.W.2d 855 (1976).

Reversed and remanded for a new trial.

DWYER and TATUM, JJ., concur.