**STATE of Tennessee, Appellee,**

v.

**Lloyd COVINGTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 30, 1992.

Permission to Appeal Denied
Oct. 26, 1992.

Charles W. Burson, Atty. Gen. & Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, Patrick H. McCutchen, Dist. Atty. Gen., Clarksville, Dent Morriss, Asst. Dist. Atty. Gen., Springfield, for appellee.

Gregory D. Smith, Clarksville (appeal only), Michael R. Jones, Dist. Public Defender, Springfield (trial only), for appellant.

## OPINION

JONES, Judge.

The appellant, Lloyd Covington, was convicted of selling seven (7) grams of cocaine, a Class C felony, by a jury of his peers. The trial court found that the appellant was a standard offender; and the court imposed a fine of $10,000 and a Range I sentence of six (6) years in the Department of Correction.

The judgment of the trial court is reversed; and this cause is remanded to the trial court for a new trial. This Court is of the opinion and finds that the trial court abused its discretion in denying the appellant's motion for a continuance.

### I.

On the 5th day of January, 1990, the Robertson County Grand Jury, sitting at Springfield, returned a two count indictment against the appellant. The first count of the indictment charged the appellant with selling seven (7) grams of cocaine to a confidential informant. The second count charged him with the delivery of the same cocaine to the informant.

The appellant appeared in open court and executed an affidavit of indigency on April 4, 1990. The district public defender was appointed to represent the appellant on April 30, 1990.

The appellant was arraigned on May 9, 1990; and the case was continued until June 6, 1990. However, on September 5, 1990, the court reset the case for November 19, 1990, for trial.

When the trial court called the appellant's case for trial on November 19, 1990, the public defender advised the trial court:

I understand he's here. Mr. Covington, I have not seen. I have not talked to him. I have the discovery, but I haven't talked to him. I am not ready to go to trial on that case. It was my understanding until yesterday afternoon that Ricky Summers would be tried today.

\* \* \* \* \* \*

The General informed me Sunday afternoon the potential of that one being tried, but I have not been able to locate Mr. Covington. I do understand from the Attorney General that he's here today, but I wouldn't know him if I saw him.

The public defender advised the trial court that the appellant's telephone number was no longer a working number, the appellant's former employer advised him that the appellant no longer worked for the company, and he "didn't get an answer" when he called the appellant's mother.

When the trial court questioned the appellant, he advised the court:

I haven't had no correspondence. No motions were filed in this case. I wasn't aware that this case was for trial today, I have two attorneys—Mr. Wilks, and they had two indictments so the Judge allowed me to pay the Court for—I already had him retained on another case, Mr. Wilks, so subsequently, they gave me him [the public defender] and I have never been informed of this matter other than through Mr. Wilks.

The record reveals that two motions were filed. Both motions were filed on the morning of November 20, 1990.

Although the State conceded that the appellant had been present in open court with counsel on at least three prior occasions, the trial court placed the entire blame for counsel not being prepared for trial upon the appellant. The court told the

appellant: "I want to say this and I want to make sure that it is clear to everyone and clear on the record. The dilemma that Mr. Covington is in right now is one of his own making."

The trial court continued the case to the following day so that the public defender could interview the appellant; and the appellant could listen to the taped conversations between the confidential informant and the appellant. The appellant advised the public defender that there were two necessary witnesses, one of whom was an eyewitness to the transaction. The eyewitness was an over the road truck driver. The investigation revealed that this witness was out of town and could not be present for the trial.

The public defender filed a written motion for a continuance the following morning. The motion was predicated upon the absence and unavailability of the eyewitness. The trial court denied the motion. When the appellant attempted to address the court, the trial judge said that he did not want to hear from the appellant further.

## II.

■ In this jurisdiction an accused has a constitutional right to the *effective* assistance of counsel at all critical stages of a criminal prosecution. Tenn. Const. art. I, § 9; *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *McKeldin v. State,* 516 S.W.2d 82, 86 (Tenn.1974), *cert. denied,* 425 U.S. 901, 96 S.Ct. 1490, 47 L.Ed.2d 751 (1976). *Hembree v. State,* 546 S.W.2d 235, 242 (Tenn.Crim.App.1976). This right is the most basic and fundamental of all the constitutional rights afforded to the accused because it "affects his ability to assert any other right he may have." *United States v. DeCoster,* 159 U.S.App. D.C. 326, 487 F.2d 1197, 1201 (1973).

Since the landmark decision of *Powell v. Alabama, supra,* the phrase "effective assistance of counsel" has encompassed the pre-trial investigation of the crimes charged in the indictment and the defenses available to the accused. "This means that in most cases a defense attorney, or his agent, should interview not only his own witnesses but also those that the government intends to call, when they are accessible." *Baxter v. Rose,* 523 S.W.2d 930, 933 (Tenn.1975), quoting, *United States v. De-Coster,* 487 F.2d at 1203–04.

## III.

■ While an accused should maintain contact with the attorney appointed to represent him, appointed counsel has a responsibility to stay in touch with his client. In this case, it appears that the appellant received all of his information from an attorney representing him in an unrelated case. The public defender did not attempt to make direct contact with the appellant until he discovered that the case expected to go to trial on November 19th, would be continued; and the State intended to try the appellant the following day.

As previously noted, the appellant appeared in open court with appointed counsel on at least three separate occasions. If the public defender was interested in interviewing the appellant and obtaining the names of witnesses from him, the public defender could have written the appellant a letter to advise him of the court dates and the need to discuss the facts of the charges pending against him. The appellant's statement that he had received no correspondence from the public defender was not refuted.

There were several other ways the public defender could have contacted the appellant notwithstanding the fact his home telephone had been disconnected and he no longer worked at the business given to the public defender. First, the public defender could have contacted the private attorney representing the appellant in the unrelated case. It is evident from the record that this attorney had maintained contact with the appellant. Second, the appellant was on bail. The public defender could have contacted the bonding company to obtain a current address or telephone number. As a general rule, bonding companies usually will contact an accused and advise him to contact his attorney. Bonding companies want to prevent bond forfeitures. Third,

the public defender could have contacted the Davidson County Public Defender's Office and sought assistance. The appellant resided in Nashville. A good investigator could have located the appellant in a relatively short period of time. Thus, the public defender could have made contact with the appellant by simply making a telephone call to any one of these three individuals.

In summary, all of the blame for the public defender's lack of preparedness for trial should not be placed at the feet of the appellant. The public defender, who had ample opportunity to interview the appellant and his witnesses, must share the blame. Assuming *arguendo* that the public defender had been able to contact the appellant via the telephone when he learned his case would be tried the following day, the public defender would not have had the opportunity to interview and subpoena the witnesses. The eyewitness was out of town and was not going to return for several days.

### IV.

 The question of whether a criminal trial should be continued to a later date is a matter entrusted to the sound discretion of the trial court. *Hunter v. State*, 222 Tenn. 672, 688, 440 S.W.2d 1, 8 (1969); *Moorehead v. State*, 219 Tenn 271, 274–275, 409 S.W.2d 357, 358–359 (1966); *State v. Seals*, 735 S.W.2d 849, 853 (Tenn.Crim.App.1987). This Court will not interfere with the exercise of this discretion unless it appears on the face of the record that (a) the trial court has abused its discretion and (b) prejudice enured to the accused as a direct result of the trial court's ruling. *State v. Seals*, 735 S.W.2d at 853; *State v. Goodman*, 643 S.W.2d 375, 378 (Tenn.Crim.App. 1982); *Smith v. State*, 2 Tenn.Crim.App. 192, 201–202, 452 S.W.2d 669, 673–674 (1969), *cert. denied*, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970).

Based upon the record presented to this Court, the trial court abused its discretion in refusing to grant the appellant's motion for continuance. *See Poindexter v. State*, 183 Tenn. 193, 194–195, 191 S.W.2d 445, 445–46 (1946); *State v. Poe*, 76 Tenn.

647, 652–655 (1881). When it is obvious, as in this case, that counsel must bear much of the blame for not being prepared for trial, a trial court should continue the case to insure that the accused is afforded his constitutional right to the effective assistance of counsel.

The denial of the motion for continuance enured to the appellant's prejudice. He was forced to trial with an attorney that was not prepared to try the case; and an eyewitness to the transaction was not present to testify in support of his defense.

BYERS, P.J., and BIRCH, J., concur.