# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. MARGARET REE SOMERVILLE

**Appeal from the Circuit Court for Henry County**
**No. 12904     Julian P. Guinn, Judge**

_____

**No. W1999-01333-CCA-R3-CD - Filed October 11, 2000**

_____

Defendant Margaret Ree Somerville was convicted by a jury of one count of possession of cocaine with intent to sell or deliver, a Class B felony, and one count of possession of drug paraphernalia, a Class A misdemeanor. Following a sentencing hearing, the trial court imposed a sentence of twelve (12) years on the felony offense and eleven (11) months, twenty-nine (29) days on the misdemeanor offense. The sentences were run concurrent to one another. Defendant challenges her convictions, asserting that (1) she was denied her right to the timely appointment of counsel; (2) the indictments against her were defective and should be quashed; and (3) the search warrant executed in this case was defective. The judgment of the trial court is affirmed.

### _T.R.A.P. 3 APPEAL_; **Judgment of the Circuit Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J, joined.

Rosella M. Shackelford, for the appellant, Margaret Ree Somerville.

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General, Robert "Gus" Radford, District Attorney General, Steve Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 16, 1999, two detectives from the Paris Police Department executed a search warrant at the home jointly occupied by defendant Margaret Ree Somerville and Ben Phillip Ray. When they arrived at the home they observed Ron Allen, a known drug runner, sitting on the front porch.

The detectives knocked, announced their presence, and entered the home. They encountered the defendant in a bedroom. When she saw the detectives she appeared nervous. In a night stand near the defendant the detectives located a spray can of Glade air freshener. Two packets of crack

cocaine were hidden under the cap. At trial Special Agent Sandra Romanek of the Tennessee Bureau of Investigation testified that the substance recovered from the can contained a cocaine base and weighed 1.0 grams.

The defendant was indicted for possession of a Schedule II substance with intent to sell or deliver, and possession of drug paraphernalia. At trial Ben Phillip Ray testified that the crack cocaine in the Glade can was his, and that the defendant knew nothing about it. On cross-examination he acknowledged that both he and defendant from time to time purchased multiple cans of Glade spray, and that several were in the house at the time the search warrant was executed. He also acknowledged that he had been convicted previously of possession of a controlled substance with intent to sell or deliver. He finally admitted that since the date of the search he had been arrested and convicted of an additional cocaine charge.

The defendant was convicted of both charges against her. She raises three issues in her appeal: (1) she was denied her right to the timely appointment of counsel; (2) the indictments against her were defective and should be quashed; and (3) the search warrant executed in this case was defective. However, defendant failed to file a motion for new trial. This failure constitutes a waiver of any issues that could have been presented in the motion. T. R .A .P. 3(e); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). Accordingly, this court may review the record only for issues which would result in outright dismissal of the case, such as sufficiency of the evidence. *See State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). This court may also address any plain errors which have affected defendant's substantial rights. Tenn. R. Crim. P. 52(b).

We first consider the sufficiency of the convicting evidence. The standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. *See State v. Cazes*, 875 S.W. 2d 253, 259 (Tenn. 1994).

The evidence in this case is sufficient to support the defendant's conviction of possession of 0.5 or more grams of cocaine with intent to sell or deliver and possession of drug paraphernalia. At the time the Paris police officers arrived at the defendant's home to execute a search warrant, she was the only person present. The Glade air freshener can containing crack cocaine was found in a night stand in the bedroom in which the defendant was located at the time the officers arrived at the home. There is no dispute that the items seized were taken from the home, or that the crack cocaine weighed in excess of 0.5 grams. Therefore, it was within the jury's province to determine whether this defendant was in actual or constructive possession of the items in question with the requisite intent. The evidence is sufficient to support her convictions.

Defendant appears to argue that the trial court's actions <u>did</u> also affect her substantial rights. However, even if defendant had not waived her right to raise these issues, other deficiencies still prevent their consideration.

Defendant's first substantive claim is that she was denied her constitutional right to the assistance of counsel in the preparation and presentation of her defense because counsel was not appointed until six (6) weeks prior to trial. Tenn. Code Ann. §40-14-202(a) provides that an indigent defendant in a felony case is entitled to appointed counsel, and requires further that proceedings not be had "until the attorney so appointed has had sufficient opportunity to prepare the case". This means a reasonable time under the facts and circumstances of the case. *Brown v. State*, 553 S.W.2d 94 (Tenn. Crim. App. 1977). In this case defendant was arrested on March 16, 1999. She was indicted on July 6, 1999. She was arraigned on July 12, 1999. Under the scheduling order entered that day all motions in her case should have been filed by July 22, 1999, and the final settlement date was set for September 21, 1999. Counsel was not appointed until September 28, 1999. The case was tried to a jury on November 12, 1999, about six weeks later.

However, Tenn. Code Ann. §40-14-202(b) requires an accused to make an affirmative request for appointment of counsel if she cannot afford counsel. Defendant did not assert to the court that she was indigent until long after arraignment. She was out on bond from the time of her arrest until trial. The trial court cannot be faulted for not appointing counsel until September 28, 1999, when no prior request was made.

Further, nothing in the record reflects that counsel, after appointment, sought a continuance of the trial date or the opportunity to file motions beyond the originally-scheduled time frame. In the absence of such a request and denial, we cannot conclude that any due process violation has occurred. *See State v. Charles and Larry Bryant*, No. 97, Monroe County (Tenn. Crim. App., October 17, 1986).

Defendant next contends that the failure to appoint counsel in a timely manner prevented her from filing an otherwise-valid motion to dismiss the indictment based on a defect or a discrepancy in the date of the search warrant, which she claims issued on February 26, 1999, and the arrest date reflected in the indictment, March 16, 1999. Defendant has not included in the record a copy of either of the two search warrants referenced during the trial testimony. It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in a trial court with respect to the issues that form the basis for appeal. Tenn. R. App. P. 24(b); *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Because defendant has not complied with Tenn. R. App. P. 24, we are bound by the rule that where the record is incomplete and there is no error apparent, we will conclusively presume the findings and judgment of the trial court to be correct. *State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). Furthermore, it appears that defendant simply misunderstands the trial testimony. According to Detective Bass, an earlier search warrant *had* been executed for the same location in February 1999. The earlier warrant was

mentioned in the affidavit submitted to secure the later, March 16, warrant.[1]  However, Detective Blackwell testified that the search warrant they executed on March 16, 1999, was issued within a short time of its execution.

Defendant finally contends more specifically that the affidavit supporting the search warrant was insufficient, and that the warrant itself would have been suppressed if a timely motion had been filed.  For the reasons discussed above, her failure to include a copy of the search warrant in the record precludes consideration of this issue.  Additionally, nothing in the record reflects that defendant ever filed <u>any</u> motion to suppress, timely or otherwise.  Tenn. Code Ann. §40-30-210(f) provides in part that "there is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived".  Since there is no evidence in this record about this issue, it is waived.

For the reasons set forth above, the judgment of the trial court is affirmed in all respects.

_____
CORNELIA A. CLARK, SPECIAL JUDGE

---

[1] At trial defense counsel first asked Detective Bass to read aloud the statement contained in the March 16 warrant.  Later, however, she objected to his completing the reading of the statement, and did not introduce the warrant.