

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-12,460-12

**EX PARTE ODELL BURGESS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1376308-B IN THE 180TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention and sentenced to fifty-three years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Burgess v. State*, 448 S.W.3d 589 (Tex. App. — Houston [14th Dist.] September 30, 2014).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because counsel failed to request limiting and burden of proof instructions at the time extraneous offense evidence was introduced during the guilt/innocence phase of trial, advised Applicant not to testify without challenging the admissibility of his prior convictions for impeachment purposes, and failed to investigate and interview the State's witnesses prior to trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state why he did not request limiting and burden of proof instructions at the time the extraneous offense evidence was introduced. Counsel shall also state whether he advised Applicant not to testify because he could be impeached with prior convictions. Counsel shall state whether he considered challenging the admissibility of Applicant's prior convictions under *Theus v. State*, 845 S.W.2d 784 (Tex. Crim. App. 1992). Trial counsel shall state whether he tried to interview any of the State's witnesses prior to trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: October 14, 2015
Do not publish